**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Kevin S. Asfour (SBN 228993)
kevin.asfour@klgates.com
Matthew J. Weldon (*pro hac vice forthcoming*)
matthew.weldon@klgates.com
Lauren E. Elvick (SBN 348619)
lauren.elvick@klgates.com

Attorneys for Respondent
QUANTA COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROKU, INC.,<br><br>Petitioner,<br><br>v.<br><br>QUANTA COMPUTER INC.,<br><br>Respondent. | Case No. 5:26-cv-5911<br><br>**RESPONDENT'S ANSWER TO PETITION TO COMPEL ARBITRATION AND DEMAND FOR JURY TRIAL**<br><br>Petition Filed: June 16, 2026 |

1501859334.1

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Respondent Quanta Computer Inc. ("**Quanta**" or "**Respondent**") hereby answers and asserts its affirmative defenses in response to the Petition to Compel Arbitration (the "**Petition**") of Roku, Inc. ("**Roku**" or "**Petitioner**").

Quanta notes that this Answer responds to the Petition (Dkt. #1), only, and does not constitute Quanta's opposition to Roku's pending Motion to Compel Arbitration ("Motion," Dkt. #16). Pursuant to the Court's July 8, 2026 order (Dkt. #22), Quanta understands that the Court has vacated the briefing and hearing schedule on Roku's Motion and that "[t]he Court will reset the briefing schedule and motion hearing after Quanta appears in this action." (*Id.*) Accordingly, Quanta will file its opposition to Roku's Motion in accordance with the Court's forthcoming briefing schedule.

The paragraph numbers of Quanta's responses set forth below correspond to the paragraph numbering of the Petition. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Quanta hereby denies all allegations of the Petition except those specifically admitted below. Quanta's investigation and discovery regarding the facts alleged in the Petition are ongoing, and Quanta reserves the right to amend or supplement this Answer and Affirmative Defenses.

## JURISDICTION

1. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta admits that the Court has subject matter jurisdiction over this action.

2. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta admits only that Court has subject matter jurisdiction over this action, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention,

and reserving all such rights: to the extent a response is deemed necessary, Quanta admits that Venue is proper in this District.

**DIVISIONAL ASSIGNMENT**

4. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**PARTIES**

5. Quanta is informed and believes that Roku is a corporation. As to the remainder of this paragraph's allegations, Quanta lacks knowledge or information sufficient to form a belief about their truth.

6. Quanta admits it is a corporation incorporated in Taiwan and conducts business in California. The remainder of the allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a further response is deemed necessary, Quanta denies the remainder of the allegations.

**BACKGROUND**

**A. The Underlying Dispute**

7. Quanta admits only that Quanta and Roku entered into the Memorandum of Understanding, and the document speaks for itself. For example, the MOU specifically states its purpose as "for discussion purposes only and is not intended to constitute a legally binding or enforceable agreement or commitment on either party, except for the Section entitled 'Legal Terms' below which shall be binding on Roku and Quanta in accordance with its terms." The MOU also states that it only "no portion of this MOU or Quanta's proposals will be considered binding upon either of Quanta and Roku, and neither party shall have any obligation or responsibility based upon or as a result of this MOU, Quanta's proposal, or the related discussions, unless and until Quanta and Roku both sign a Definitive Agreement. While each party currently plans to proceed diligently in its efforts to develop the Roku player products, neither Quanta and Roku shall be obligated to

enter into a Definitive Agreement." To the extent a further response to the allegations is deemed necessary, Quanta denies the remainder of the allegations.

8. Quanta admits only that the MOU notes the parties' "plan to negotiate and enter into a Master Development and Supply Agreement in the next sixty days that set forth all of the terms and conditions governing the development and commercialization activities and responsibilities of both parties relating to development, manufacture, and sale of Roku player products," and that an "initial version" of such a "Definitive Agreement" is provided in Attachment B to the MOU." The parties never entered into or executed the draft Master Development and Supply Agreement ("MDSA"). To the extent a further response to the allegations is deemed necessary, Quanta denies the remainder of the allegations, including that the draft MDSA was incorporated by reference into the MOU.

9. Quanta admits that the full sentence in Paragraph 17.5 of the MOU states, "[w]hile each party currently plans to proceed diligently in its efforts to develop the Roku player products, neither Quanta and Roku shall be obligated to enter into a Definitive Agreement, and neither party shall have any liability or responsibility as a result of any failure to do so or any discontinuation or termination of discussions, except to the extent any development or commercialization work begins between Roku and Quanta prior to signing the Definitive Agreement, then the terms and conditions in Attachment B will govern unless and until Roku and Quanta enter into an alternative definitive agreement."

10. Quanta admits only that the draft MDSA, which the parties never executed or otherwise entered into, contains the arbitration clause quoted in this paragraph. Quanta expressly denies any allegation or implication that Quanta and Roku entered into a binding and enforceable arbitration agreement or that Quanta is bound to arbitrate any claims with Roku under this clause.

11. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations. No development or commercialization work was or could have commenced. The Draft MDSA contemplates that development work would proceed through a Statement of Work.

Specifically, it defines "Development Services" as development work performed pursuant to Section 3 of the agreement, which requires Roku to issue, and Quanta to agree to, a Statement of Work. And, independently of the failure to issue a Statement of Work, no development work commenced in fact.

12. Denied.

13. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations. Roku materially changed the nature of the discussions after executing the MOU, which led to the discussions falling apart. After entering into the MOU, Roku informed Quanta that instead of the 12 million units in volume initially discussed with Quanta under the MOU, Roku was now only planning to give Quanta only around 1 to 1.5 million units. This would not only have a substantial impact on Quanta's approach to the manufacturing of products but also presented an entirely different economic proposition.

14. Denied.

15. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations. On June 13, 2024, without even suggesting further conversations or discussions, in response, Roku terminated the discussions under the MOU.

16. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations. The arbitration clause in the Draft MDSA does not constitute a valid arbitration agreement between the parties. The MOU explicitly refers to Attachment B as an "initial version" of the Master Development and Supply Agreement and states that "Quanta and Roku *plan to negotiate* and enter into a Master Development and Supply Agreement."

**B. The Arbitration**

17. Quanta admits only that on May 30, 2025, Roku filed a Demand for Arbitration and Statement of Claim with AAA, in which Roku alleges breach of contract, breach of the implied covenant of good faith, and damages of $8,425,000 against Quanta.

18. Quanta admits only that on July 9, 2025, Quanta filed its Answer and raised a jurisdictional objection that the tribunal lacked jurisdiction because the purported arbitration agreement was neither effective nor applicable to the disputes Roku raised under the MOU.

19. Admit.

20. Quanta admits only that on February 5, 2026, the tribunal held hearing for oral argument on Quanta's jurisdictional objection.

21. Quanta admits only that on April 2, 2026, the tribunal sustained Quanta's jurisdictional objection in part and stayed the arbitration pending judicial determination of whether a valid agreement to arbitrate was ever formed.

## CLAIM FOR RELIEF

### COUNT ONE

### Order To Compel Arbitration Pursuant to 9 U.S.C. § 4

22. Quanta realleges and incorporates herein by reference its responses to the preceding paragraphs.

23. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention, and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations.

24. Quanta admits that it challenged the jurisdiction of the tribunal because no valid agreement to arbitrate was ever formed between Quanta and Roku, and the tribunal agreed with Quanta that "whether an arbitration agreement was ever formed is a non-delegable threshold issue reserved for the courts to decide." To the extent a further response to this paragraph is deemed necessary, Quanta denies the remainder of the allegations.

25. The allegations in this paragraph constitute legal conclusions rather than factual averments, and thus Quanta is not required to answer. Without waiver of the foregoing contention,

and reserving all such rights: to the extent a response is deemed necessary, Quanta denies the allegations.

Roku's "Conclusion" is a legal conclusion and request rather than a factual averment, and thus Quanta is not required to answer it. To the extent a response is required, Quanta denies that Roku is entitled to the relief it has requested or any judgment in its favor.

## AFFIRMATIVE DEFENSES

Quanta asserts the following affirmative defenses on information and belief. In doing so, Quanta does not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on Roku. Additionally, Quanta's affirmative defenses are asserted in the alternative, and none of them constitute an admission of liability or that Roku is entitled to any relief. Quanta does not presently know all the facts concerning the conduct of Roku sufficient to state all affirmative defenses at this time. Quanta will seek leave of the Court to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a separate and independent affirmative defense to Roku's Petition and each purported cause of action therein, Quanta alleges that each and every cause of action in Roku's Petition fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Mutual Assent)

As a separate and independent affirmative defense to Roku's Petition and each purported cause of action therein, Quanta alleges that no agreement to arbitrate was ever formed between Quanta and Roku. The MOU contains no arbitration agreement. Further, the MOU expressly stated that it "is for **discussion purposes only** and is **not intended to constitute a legally binding or enforceable agreement or commitment on either party."** As such, "no portion of this MOU or

Quanta's proposals will be considered binding upon either of Quanta and Roku, and neither party shall have any obligation or responsibility based upon or as a result of this MOU, Quanta's proposal, or the related discussions, **unless and until Quanta and Roku both sign a Definitive Agreement. While each party currently plans to proceed diligently in its efforts to develop the Roku player products, neither Quanta and Roku shall be obligated to enter into a Definitive Agreement**." The draft MDSA attached as Exhibit B to the MOU was never executed because Roku terminated negotiations, and the parties never entered into a Definitive Agreement. Accordingly, Quanta and Roku never entered into the arbitration clause contained in the draft MDSA. Lastly, no development or commercialization work was or could have commenced.

## ADDITIONAL AFFIRMATIVE DEFENSES

Quanta has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses. Quanta reserves the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

By reason of the foregoing, Quanta requests judgment as follows:

1. That Roku take nothing by reason of its Petition and that Roku's Petition be dismissed in its entirety;
2. For costs of suit;
3. Trial by Jury of all issues so triable as a matter of right by a Jury; and
4. For such other and further relief as the Court may deem just and equitable.

**K&L GATES LLP**

Dated: September 3, 2026

By: [signature]

Kevin S. Asfour
Matthew J. Weldon (*pro hac vice application forthcoming*)
Lauren E. Elvick

Attorneys for Respondent Quanta Computer, Inc.

1501859334.1